'08 CIV 5348

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER SPIERER,

               Plaintiff,

    -against-

CHRIS JONES, individually, on behalf of THE ESTATE
OF BURNETTA JONES, and doing business as BUNBUD
MUSIC and/or ETERNAL LIFE MUSIC; PAYBACK
INDUSTRIES, INC., doing business as NEW GIGI
MUSIC and NHBA MUSIC; BUG MUSIC, INC.; and,
EMI MUSIC PUBLISHING, a division of EMI GROUP
PLC.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil Action No.

**COMPLAINT**

Plaintiff Demands
A Trial By Jury

    Plaintiff Christopher Spierer, by his attorneys, Caplan & Ross, LLP, as and for his complaint

against Defendants Chris Jones, Payback Industries, Inc., Bug Music, Inc. and EMI Music

Publishing, alleges as follows:

## JURISDICTION AND VENUE

    1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a) in that there

is complete diversity of citizenship between the parties and the amount in controversy, exclusive of

interest and costs, exceeds the sum of $75,000.

    2.      Venue lies in this district pursuant to Title 28 U.S.C. § 1391(a) in that a substantial

part of the events giving rise to the claims herein occurred in the Southern District of New York, and

at the time of commencing this action, Defendants are subject to personal jurisdiction in the

Southern District of New York as hereinafter alleged.

## PARTIES

3.     Plaintiff Christopher Spierer ("Plaintiff") is a citizen of the State of Florida.

4.     Plaintiff is a songwriter and musical performer, who, among other things, co-authored the musical compositions, "I was Born This Way" and "Liberation" (collectively, the "Compositions") with Burnetta "Bunny" Jones in the mid-1970's.

5.     Upon information and belief, Defendant Bug Music, Inc. ("Bug Music") is a corporation duly organized and existing under the laws of the State of California, and has its principal place of business at 7750 Sunset Boulevard, Los Angeles, California 90046.

6.     Upon information and belief, Defendant EMI Music Publishing ("EMI") is a division of EMI Group PLC, a corporation duly organized and existing under the laws of England, and has its principal place of business located at 75 Ninth Avenue, New York, New York 10011.

7.     Upon information and belief, Defendant Payback Industries, Inc. ("Payback"), doing business as NEW GIGI MUSIC and NHBA MUSIC, is a corporation duly organized and existing under the laws of the State of New York, and has its principal place of business located at 318 West 22nd Street, New York, New York 10011.

8.     At all times relevant herein, Bug Music, EMI Music and Payback Industries, were engaged in, among other things, the business of music publishing and the licensing, exploitation and administration of copyrights in musical compositions, and in such capacity each has regularly and systematically conducted business in the State of New York, and has otherwise transacted business in the State of New York, including, upon information and belief, through the licensing of the Compositions to be performed, copied or distributed within and into the State of New York.

9.      Upon information and belief, Defendant Chris Jones ("Jones"), a/k/a Chris Jonz, is a citizen of the State of California.

10.     Upon information and belief, Jones, the son of Burnetta Jones, now deceased, purports to be the sole heir of the Estate of Burnetta Jones, and has held himself out as the representative of the Estate of Burnetta Jones.

11.     Upon information and belief, at all times relevant herein, Jones, individually and doing business as BunBud Music and/or Eternal Life Music, is engaged in the business of, among other things, music publishing and the licensing, exploitation and administration of copyrights in musical compositions, and in such capacity has regularly and systematically conducted business in the State of New York, and has otherwise transacted business in New York, including, upon information and belief, through the licensing of the Compositions to be performed, copied or distributed within and into the State of New York.

## FACTUAL BACKGROUND

12.     Plaintiff co-authored the Compositions with Burnetta Jones in the State of New York in the mid-1970's.

13.     True and correct copies of the original Certificates of Copyright Registration for the Compositions, identifying Plaintiff as co-author, which were duly filed and recorded in the United States Copyright Office, are annexed hereto as Exhibit A.

14.     True and correct copies of the Certificates of Renewal Registration for the Compositions, which were filed in 2003 by EMI as the purported duly authorized agents of Plaintiff and Burnetta Jones, are annexed hereto as Exhibit B.

15.     On or about January 1, 1975, Plaintiff and Burnetta Jones, as writers on the one hand, entered into two written agreements (the "Songwriter Agreements") with Burnetta Jones,

doing business as BunBud Music ("BBM"), as Publisher, on the other.  True and correct copies of the Songwriter Agreements are annexed hereto as Exhibit C.

16.    At the time of the creation of the Compositions and the execution of the Songwriter Agreements, both Plaintiff and Burnetta Jones were citizens of the State of New York, and both resided within the City, County and State of New York.

17.    The Songwriter Agreements were negotiated and executed  in the State of New York and, pursuant to Paragraph 14 of the Songwriter Agreements, are governed by New York law.

18.    At the time of the execution of the Songwriter Agreements, Burnetta Jones was conducting business as BunBud Music, with offices for the conduct of that business located at One Lincoln Plaza, Apt. 17N, New York, New York 10023.

19.    Pursuant to the Songwriter Agreements, Plaintiff agreed to assign and transfer his undivided 50% copyright interests in the Compositions to BBM, in exchange for BBM's agreement to timely render accurate and complete semi-annual statements of account to Plaintiff, accompanied by payment of all royalties thereby shown to be due.

20.    Upon information and belief, each of the Defendants is, has been, or purports to be, a successor-in-interest to, or administrator of, BBM's rights, interests, and obligations with respect to the Compositions and the Songwriter Agreements.

21.    Upon information and belief, the Composition "I Was Born This Way" has enjoyed substantial and continuous commercial success, having become a staple of Disco and Motown compilation albums, having been sampled and covered numerous times, and used in motion pictures and soundtrack albums, all, upon information and belief, under license authority granted by the Defendants.

22.    BBM has failed, neglected, or refused to provide any accountings to Plaintiff or to make any royalty payments whatsoever to Plaintiff under the Songwriter Agreements.

23.    Upon information and belief, one of the first commercial recordings of the Compositions was released by Motown Records or an affiliate of Motown Records, featuring the recording artist Carl Bean (the "Motown Recording").

24.    Upon information and belief, at or around the time of the Motown Records release, either (i) BBM and/or Burnetta Jones entered into an agreement with Stone Diamond Music Corporation and/or Jobete Music Co. related to the ownership and/or exploitation of the Compositions; or (ii) Stone Diamond Music Corporation or Jobete Music Co. otherwise began exploiting the Compositions and retaining income in connection therewith.

25.    EMI Music is a successor-in-interest to Stone Diamond Music Corporation and Jobete Music Co.

26.    Upon information and belief, Defendants have received royalties and other compensation from multiple uses of the Compositions.

27.    Upon information and belief, despite the continuous exploitation of the Composition "I Was Born This Way" since the Motown Records Release, Plaintiff has received virtually no accountings or royalty payments from BBM or any purported successors, administrators, or assignees of BBM, other than a one-page "statement" from Stone Diamond Music Corporation in 1994, and another scant royalty statement, rendered more than ten years later by EMI Music Publishing o/b/o Stone Diamond, for the periods ending December 2004 and June 2005.

28.    Upon information and belief, on or about January 12, 2006, Chris Jones, as heir to and on behalf of the Estate of Burnetta Jones, entered into a co-publishing agreement (the "Co-

Publishing Agreement"), dated as of January 12, 2006, but effective as of June 15, 2001, with Payback Industries, and its "publishing designees" NHBA Music and New Gigi Music, granting Payback Industries certain publishing and administration rights to the Composition "I Was Born This Way."

29.     Pursuant to ¶ 4 of the Co-Publishing Agreement, Jones and Payback jointly designated Defendant Bug Music to act as administrator of the Composition and "specifically to collect on behalf of the Company [Jones] and Co-Publisher [Payback], all income generated by the exploitation of the composition and to pay the Company and Co-Publisher and all applicable third parties therefrom."

30.     ¶ 6(a) of the Co-Publishing Agreement, directs Bug Music to pay songwriting royalties to any Composer of the Composition, with the writer's share paid "50% to Christopher Spiers [sic] or if Spiers cannot be located to an escrow account for the benefit of Spiers."

31.     Upon information and belief, other than the two statements referred to in paragraph 26 above, no statements whatsoever have been rendered by anyone or any entity to Plaintiff with respect to Defendants' exploitation and licensing of the Compositions.

32.     Commencing from at least 2004, Plaintiff repeatedly contacted EMI Music concerning its and its predecessors failure to properly account to Plaintiff.

33.     By letter dated September 17, 2007, Plaintiff, though his counsel, provided Defendants with notice of their material defaults under the Songwriter Agreements and the opportunity to cure those defaults in accordance with the terms of the Songwriter Agreements (the "Notice").

34.     Notwithstanding the Notice, each of the Defendants failed or refused to cure their material defaults within the 60-day period provided by the Songwriter Agreements.

35.    By letter dated December 11, 2007, Plaintiff, through his counsel, advised the Defendants of their failure to cure, and notified Defendants of Plaintiff's election to rescind the Songwriter Agreements given Defendants total failure to perform and meet their obligations to Plaintiff.

## AS AND FOR A FIRST CLAIM AGAINST ALL DEFENDANTS
(Rescission)

36.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

37.    Defendants have failed, neglected, or refused to perform any of their material obligations to Plaintiff under the Agreement.

38.    Defendants have failed to provide Plaintiff any consideration in exchange for Plaintiff's grant of valuable rights and copyrights in the Compositions to BBM and her successors-in-interest.

39.    By reason of Defendants' complete failure to perform, Plaintiff is entitled to rescind the Songwriter Agreements.

40.    By reason of the complete lack of consideration to Plaintiff, Plaintiff is entitled to rescission of the Agreements.

41.    Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CLAIM AGAINST ALL DEFENDANTS
(Unjust Enrichment)

42.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 41 above as if fully set forth herein.

43.    By reason of the rescission of the Songwriter Agreements and Defendants' retention of monies with respect to Plaintiff's interests in the Compositions, Defendants have

been unjustly enriched in an amount to be proved at trial, which, upon information and belief, exceeds the sum of $75,000.

44.    Plaintiff has no adequate remedy at law.

### AS AND FOR A THIRD CLAIM AGAINST ALL DEFEDANTS
(Breach of Contract)

45.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 44 above as if fully set forth herein.

46.    By reason of the foregoing, Defendants have materially breached the Songwriter Agreements.

47.    Plaintiff has satisfactorily performed all of his obligations to Defendants under the Songwriter Agreements.

48.    As a direct and proximate result of Defendants' breaches of the Agreements, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $75,000.

### AS AND FOR A FOURTH CLAIM
(Accounting)

49.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

50.    Upon information and belief, Defendants have received monies from the exploitation of the Compositions and have failed to properly account to Plaintiff under the Songwriter Agreements.

51.    By reason of the foregoing, Plaintiff is entitled to an accounting of all monies received by Defendants from the exploitation of the Compositions.

**WHEREFORE**, Plaintiff demands judgment as follows:

(a)    On the First Claim, a Judgment declaring (i) that the Songwriter Agreements are Rescinded; (ii) that Plaintiff Christopher Spierer is the owner of an undivided 50% copyright interest in and to the Compositions; and (iii) that Defendants have no right, title or interest of any kind in Plaintiff's ownership interests in the Compositions;

(b)    On the Second Claim, an award of damages in an amount to be proved at trial but in no event less than $75,000.00;

(c)    On the Third Claim, an award of damages to Plaintiff in an amount to be proved at trial, but in no event less than $75,000.00.

(d)    On the Fourth Claim, an Order directing each Defendant to (i) account to Plaintiff for all sums received by such Defendant from the exploitation of the Compositions to date  and (ii) to pay over to Plaintiff 50% of 100% of all such sums;

(e)    An award to Plaintiff of the costs and disbursements incurred in this action; and,

(f)    Such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
       June 11, 2008

CAPLAN & ROSS, LLP

By: _____
    Brian D. Caplan (BC-1713)
    Jonathan J. Ross (JR-0581)

100 Park Avenue, 18th Floor
New York, New York 10017
(212) 973-2376

Attorneys for Plaintiff

Exhibit A

# for Registration of a Claim to Copyright

In a musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America

| | CLASS |
|---|---|
| **Eu 564968** DO NOT WRITE HERE EP   EU | **E** |

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be **SIGNED** at line 9. For published works the application should not be submitted until after the date of publication given in line 4(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, and may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559, together with:

*(a)* If unpublished, one complete copy of the work and the registration fee of $6.

*(b)* If published, two copies of the best edition of the work and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

**1. Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). The name(s) should ordinarily be the same as in the notice of copyright on the copies deposited.

Name ........... BUNBUD MUSIC .............................................

Address ...... 1 LINCOLN PLAZA    APARTMENT 17N    NEW YORK 10023    NEW YORK

Name ...........................................................................................

Address ......................................................................................

**2. Title:** ............ I WAS BORN THIS WAY ............................

(Give the title of the musical composition as it appears on the copies)

**3. Authors:** Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author; if the employee's name appears on the copy, give after the employer's name "(employer for hire)". Organizations formed under U.S. Federal or State law are U.S. citizens.

Authors include composers of music, authors of words, arrangers, compilers, etc. If the copyright claim is based on new matter (see line 5) give information about the author of the new matter.

Name ...... CHRISTOPHER SPIERER ................   Citizenship: U.S.A. ... X ...   Other ...........................
(Give legal name followed by pseudonym if latter appears on the copies)      (Check if U.S. citizen)      (Name of country)

Domiciled in U.S.A. Yes ... X ... No ..... Address ...... 555 KAPPOCK ST. N.Y.C .....   Author of ... MUSIC ...
(State which: words, music, arrangement, etc.)

Name ...... BUNNY JONES ..........................   Citizenship: U.S.A. ... X ...   Other ...........................
(Give legal name followed by pseudonym if latter appears on the copies)      (Check if U.S. citizen)      (Name of country)

Domiciled in U.S.A. Yes ... X ... No ..... Address ...... 1 LINCOLN PLAZA N.Y.C .....   Author of ... WORDS ...
(State which: words, music, arrangement, etc.)

Name ...................................................   Citizenship: U.S.A. .......   Other ...........................
(Give legal name followed by pseudonym if latter appears on the copies)      (Check if U.S. citizen)      (Name of country)

Domiciled in U.S.A. Yes ..... No ..... Address ...........................................   Author of ...........................
(State which: words, music, arrangement, etc.)

**➡➡ NOTE:** Leave all spaces of line 4 blank unless your work has been PUBLISHED. ⬅⬅

**4. (a) Date of Publication:** Give the date when copies of this particular version of the work were first placed on sale, sold, or publicly distributed. The date when copies were made, printed, or reproduced, or the date when the work was performed or recorded, should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

......................................................................................
(Month)        (Day)        (Year)

**(b) Place of Publication:** Give the name of the country in which this particular version of the work was first published.

......................................................................................

**➡➡ NOTE:** Leave all spaces of line 5 blank unless the instructions below apply to your work. ⬅⬅

**5. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form, or if any substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes ..... No ..... Date of registration ...................   Registration number .............

Was work previously published? Yes ..... No ..... Date of publication ...................   Registration number .............

Is there any substantial **NEW MATTER** in this version? Yes ......... No ......... If your answer is "Yes," give a brief general statement of the nature of the **NEW MATTER** in this version. (New matter may consist of compilation, arrangement, adaptation, editorial revision, and the like, as well as additional words and music.)

......................................................................................

| EXAMINER |
|---|
| |

*Complete all applicable spaces on next page*

7. Name and address of person or organization ...

Name ___ BUNBUD MUSIC _____    Address ___ 1 LINCOLN PLAZA. N.Y.C.

8. Send certificate to:

(Type or print name and address)

Name ___ MISS BUNNY JONES XXX BUNXX XXX

c/o BUNBUD MUSIC

Address ___ 1 LINCOLN PLAZA

APT. 17N    (Number and street)

NEW YORK NEW YORK 10023
(City)        (State)          (ZIP code)

9. Certification:

(Application not acceptable unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

*Bunny Jones*

(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request.

Class A   Form A—Published book manufactured in the United States of America.

Class A or B   Form A–B Foreign—Book or periodical manufactured outside the United States of America (except works subject to the ad interim provisions of the copyright law).
Form A–B Ad Interim—Book or periodical in the English language manufactured and first published outside the United States of America.

Class B   Form B—Periodical manufactured in the United States of America.
Form BB—Contribution to a periodical manufactured in the United States of America.

Class C   Form C—Lecture or similar production prepared for oral delivery.

Class D   Form D—Dramatic or dramatico-musical composition.

Class E   Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America.
Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of America and which was not first published in the United States of America.

Class F   Form F—Map.

Class G   Form G—Work of art or a model or design for a work of art.

Class H   Form H—Reproduction of a work of art.

Class I   Form I—Drawing or plastic work of a scientific or technical character.

Class J   Form J—Photograph.

Class K   Form K—Print or pictorial illustration.
Form KK—Print or label used for an article of merchandise.

Class L or M   Form L–M—Motion picture.

Class N   Form N—Sound recording.
• Form R—Renewal copyright.
• Form U—Notice of use of copyrighted music on mechanical instruments.

| FOR COPYRIGHT OFFICE USE ONLY | |
|---|---|
| **Application received** JAN 23 1975 | |
| **One copy received** MAR 1 4 1975 | |
| **Two copies received** | |
| **Fee received** 148393 JAN 23 75 | |
| **Renewal** RE 877-323 | |

U.S. GOVERNMENT PRINTING OFFICE : 1973—O-497-980

Page 1

# Application for Registration of a Claim to Copyright

## FORM E

**CLASS** **E** **REGISTRATION NO.** **Eu 549862**

DO NOT WRITE HERE EP EU

in a musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be SIGNED at line 9. For published works the application should not be submitted until after the date of publication given in line 4(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20540, together with:

(a), If unpublished, one complete copy of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

**1. Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). In the case of published works the name(s) should ordinarily be the same as in the notice of copyright on the copies deposited.

Name    BUN BUD MUSIC COMPANY    % BUNNY JONES

Address    ONE LINCOLN PLAZA    NEW YORK 10023 % SUITE 17N

Name

Address

**2. Title:**    LIBERATION

(Give the title of the musical composition as it appears on the copies)

**3. Author:** Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author. Organizations formed under U.S. Federal or State law are U.S. citizens.

Authors include composers of music, authors of words, arrangers, compilers, etc. If the copyright claim is based on new matter (see line 5) give information about the author of the new matter.

BUNNY JONES    X

(Give legal name followed by pseudonym if latter appears on the copies)    Citizenship: U.S.A. ____ Other ____ (Check if U.S. citizen) (Name of country)

Domiciled in U.S.A. Yes X No ____ Address ONE LINCOLN PLAZA NEW YORK 10023 N Y.    Author of ____ lyrics
(State which: words, music, arrangement, etc.)

CHRISTOPHER SPIERER    X

(Give legal name followed by pseudonym if latter appears on the copies)    Citizenship: U.S.A. X Other ____ (Check if U.S. citizen) (Name of country)

Domiciled in U.S.A. Yes X No ____ Address 555 KAPPOCK ST BRONX N Y    Author of ____ MUSIC
(State which: words, music, arrangement, etc.)

(Give legal name followed by pseudonym if latter appears on the copies)    Citizenship: U.S.A. ____ Other ____ (Check if U.S. citizen) (Name of country)

Domiciled in U.S.A. Yes ____ No ____ Address ____    Author of ____
(State which: words, music, arrangement, etc.)

➤ **NOTE:** Leave all spaces of line 4 blank unless your work has been PUBLISHED. ◄

**4. (a) Date of Publication:** Give the date when copies of a particular version of the work were first placed on sale, or publicly distributed. The date when copies were made or printed, or the date when the work was performed should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

_____
(Month)    (Day)    (Year)

**(b) Place of Publication:** Give the name of the country in which this particular version of the work was first published.

➤ **NOTE:** Leave all spaces of line 5 blank unless the instructions below apply to your work. ◄

**5. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form, or if any substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes ____ No ____ Date of registration ____ Registration number ____

Was work previously published? Yes ____ No ____ Date of publication ____ Registration number ____

Is there any substantial NEW MATTER in this version? Yes ____ No ____ If your answer is "Yes," give a brief general statement of the nature of the NEW MATTER in this version. (New matter may consist of compilation, arrangement, adaptation, editorial revision, and the like, as well as additional words and music.)

**EXAMINER**

*Complete all applicable spaces on next page*

page 4

6. If registration fee is to be charged to a deposit account established in the Copyright Office, give name of

7. Name and address of person or organization to whom correspondence or refund, if any, should be sent:

Name _____   Address _____

8. Send certificate to:

(Type or print name and address)

Name
Address

```
┌──────────────────────────────────────────────┐
│   BUN BUD MUSIC COMPANY                        │
│                                                │
│   ONE LINCOLN PLAZA                            │
│                       (Number and street)      │
│   NEW YORK 10023 N.Y.                          │
│                                                │
│   % BUNNY JONES SUITE 17N          (ZIP code)  │
│              (State)                           │
└──────────────────────────────────────────────┘
```

9. Certification:

(Application not acceptable unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

*Bunny Jones*

(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request.

Class A    Form A—Published book manufactured in the United States of America.

Class A or B    Form A–B Foreign—Book or periodical manufactured outside the United States of America (except works sub... the ad interim provisions of the copyright law).
Form A–B Ad Interim—Book or periodical in the English language manufactured and first published out... United States of America.

Class B    Form B—Periodical manufactured in the United States of America.
Form BB—Contribution to a periodical manufactured in the United States of America.

Class C    Form C—Lecture or similar production prepared for oral delivery.

Class D    Form D—Dramatic or dramatico-musical composition.

Class E    Form E—Musical composition the author of which is a citizen or domiciliary of the United States of Ameri... which was first published in the United States of America.
Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United Stat... America and which was not first published in the United States of America.

Class F    Form F—Map.

Class G    Form G—Work of art or a model or design for a work of art.

Class H    Form H—Reproduction of a work of art.

Class I    Form I—Drawing or plastic work of a scientific or technical character.

Class J    Form J—Photograph.

Class K    Form K—Print or pictorial illustration.
Form KK—Print or label used for an article of merchandise.

Class L or M    Form L–M—Motion picture.

Form R—Renewal copyright.

Form U—Notice of use of copyrighted music on mechanical instruments.

| Application received | FOR COPYRIGHT OFFICE USE ONLY |
|---|---|
| JAN 16 1975 | *Added from Copy. (Cert.) |
| One copy received | |
| JAN 16 1975 | |
| Two copies received | |
| Fee received | |
| 143311 JAN 16 75 | |
| Renewal | |

Page

Exhibit B

Additional Certificate (17 U.S.C. 706)

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM RE**
For Renewal of a Work
UNITED STATES COPYRIGHT OFFICE

RE 877 – 323



**EFFECTIVE DATE OF RENEWAL REGISTRATION**

JAN 0 2 2003

Month    Day    Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET (RE/CON).

## 1  RENEWAL CLAIMANT(S), ADDRESS(ES), AND STATEMENT OF CLAIM ▼    (See Instructions)

1  Name  SPIERER, CHRISTOPHER
   Address  C/O EMI MUSIC PUBLISHING, 810 7TH AVENUE - 36TH FLOOR, NEW YORK, N.Y. 10019
   Claiming as  AUTHOR
   (Use appropriate statement from instructions)

2  Name  JONES, BUNNY
   Address  C/O EMI MUSIC PUBLISHING, 810 7TH AVENUE - 36TH FLOOR, NEW YORK, N.Y. 10019
   Claiming as  AUTHOR

3  Name
   Address
   Claiming as

## 2  TITLE OF WORK IN WHICH RENEWAL IS CLAIMED ▼

I WAS BORN THIS WAY

**RENEWABLE MATTER ▼**

WORDS AND MUSIC

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or other composite work, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give:    Volume ▼    Number ▼    Issue Date ▼

## 3  AUTHOR(S) OF RENEWABLE MATTER ▼

SPIERER, CHRISTOPHER
JONES, BUNNY

## 4  ORIGINAL REGISTRATION NUMBER ▼    ORIGINAL COPYRIGHT CLAIMANT ▼

EU564968    BUNBUD MUSIC

**ORIGINAL DATE OF COPYRIGHT**
If the original registration for this work was made in published form, give:    If the original registration for this work was made in unpublished form, give:
DATE OF PUBLICATION:                                              OR  DATE OF REGISTRATION: 03/14/1975
(Month)    (Day)    (Year)                                             (Month)    (Day)    (Year)

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-8) on the reverse side of this page.    DO NOT WRITE HERE
• See detailed instructions.  • Sign the form at space 7.

This form was electronically produced by Elite Federal Forms, Inc.    Page 1 of 2 pages

| | |
|---|---|
| RENEWAL APPLICATION RECEIVED<br>**JAN 0 2 2003** | FORM RE |
| CORRESPONDENCE ☐ YES | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |
| EXAMINED BY _____ *NP* | |
| CHECKED BY _____ | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET (RE/CON).**

---

**RENEWAL FOR GROUP OF WORKS BY SAME AUTHOR:** To make a single registration for a group of works by the same individual author published as contributions to periodicals (see instructions), give full information about each contribution. If more space is needed, request continuation sheet (Form RE/CON).

**5**

**1**
Title of Contribution: .................................................................
Title of Periodical: .................................... Vol: ........ No: ........ Issue Date: ..........
Date of Publication: ....................................... Registration Number: ..................
    (Month)    (Day)    (Year)

**2**
Title of Contribution: .................................................................
Title of Periodical: .................................... Vol: ........ No: ........ Issue Date: ..........
Date of Publication: ....................................... Registration Number: ..................
    (Month)    (Day)    (Year)

**3**
Title of Contribution: .................................................................
Title of Periodical: .................................... Vol: ........ No: ........ Issue Date: ..........
Date of Publication: ....................................... Registration Number: ..................
    (Month)    (Day)    (Year)

**4**
Title of Contribution: .................................................................
Title of Periodical: .................................... Vol: ........ No: ........ Issue Date: ..........
Date of Publication: ....................................... Registration Number: ..................
    (Month)    (Day)    (Year)

---

**DEPOSIT ACCOUNT:** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**CORRESPONDENCE:** Give name and address to which correspondence about this application should be sent.

**6**

Name _____ JOBETE MUSIC CO. _____

Account Number _____ DA 021342 _____

Name _____ A. PATEL/EMI MUSIC PUBLISHING
Address 810 SEVENTH AVENUE - 36TH FLOOR
NEW YORK (City)    NEW YORK (State)    10019 (ZIP)    (Apt)
Area Code and Telephone Number ▶ 212-830-5195

Be sure to give your daytime phone number

---

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the: (Check one)
☐ renewal claimant   ☒ duly authorized agent of _____ CLAIMANT OF SPACE ONE
(Name of renewal claimant) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼    ANISH PATEL    Date ▼ 10/01/02

☞ Handwritten signature (X) ▼    *[signature]*

**7**

---

**MAIL CERTIFICATE TO**

Certificate will be mailed in window envelope

Name ▼    EMI MUSIC PUBLISHING    ATTENTION
Number/Street/Apt ▼    810 SEVENTH AVENUE - 36TH FLOOR
City/State/ZIP ▼    NEW YORK, NEW YORK 10019

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 7

SEND ALL ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $45 filing fee in check or money order payable to *Register of Copyrights*

MAIL TO
Register of Copyrights
Library of Congress
Washington, D.C. 20559

**8**

---

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Additional certificate (17 U.S.C. 706)

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM RE**
For Renewal of a Work
UNITED STATES COPYRIGHT OFFICE



RE-876-552

EFFECTIVE DATE OF RENEWAL REGISTRATION

JAN 0 2 2003

| Month | Day | Year |

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET (RE/CON)

## 1
RENEWAL CLAIMANT(S), ADDRESS(ES), AND STATEMENT OF CLAIM ▼     (See Instructions)

1  Name  JONES, BUNNY
   Address  C/O EMI MUSIC PUBLISHING, 810 7TH AVENUE - 36TH FLOOR, NEW YORK, N.Y. 10019
   Claiming as  AUTHOR       *(Use appropriate statement from instructions)*

2  Name  SPIERER, CHRISTOPHER
   Address  C/O EMI MUSIC PUBLISHING, 810 7TH AVENUE - 36TH FLOOR, NEW YORK, N.Y. 10019
   Claiming as  AUTHOR

3  Name
   Address
   Claiming as

## 2
TITLE OF WORK IN WHICH RENEWAL IS CLAIMED ▼

LIBERATION

RENEWABLE MATTER ▼

WORDS AND MUSIC

PUBLICATION AS A CONTRIBUTION. If this work was published as a contribution to a periodical, serial, or other composite work, give information about
the collective work in which the contribution appeared.  Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼     Number ▼     Issue Date ▼

## 3
AUTHOR(S) OF RENEWABLE MATTER ▼

JONES, BUNNY
SPIERER, CHRISTOPHER (AKA CHRIS SPIERER)

## 4
ORIGINAL REGISTRATION NUMBER ▼     ORIGINAL COPYRIGHT CLAIMANT ▼

EP339994              JOBETE MUSIC COMPANY, INC. & BUNBUD

ORIGINAL DATE OF COPYRIGHT

If the original registration for this work was made in published form, give:
DATE OF PUBLICATION  (Month) 04/02/1975 (Day) (Year)  OR  If the original registration for this work was made in unpublished form, give:
DATE OF REGISTRATION  (Month)  (Day)  (Year)

MORE ON BACK  •  Complete all applicable spaces (numbers 5-8) on the reverse side of this page.     DO NOT WRITE HERE
              •  See detailed instructions.     •  Sign the form at space 7.             Page 1 of ____ pages

This form was electronically produced by Elite Federal Forms, Inc.

| | |
|---|---|
| RENEWAL APPLICATION RECEIVED | FORM RE |
| JAN 0 2 2003 | |
| CORRESPONDENCE ☐ YES | FOR |
| EXAMINED BY *flur.* | COPYRIGHT |
| CHECKED BY | OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET (RE/CON).**

**RENEWAL FOR GROUP OF WORKS BY SAME AUTHOR:** To make a single registration for a group of works by the same individual author published as contributions to periodicals (see instructions), give full information about each contribution. If more space is needed, request continuation sheet (Form RE/CON).

**5**

**1**
Title of Contribution: _____
Title of Periodical: _____ Vol: _____ No: _____ Issue Date: _____
Date of Publication: _____
(Month)   (Day)   (Year)   Registration Number: _____

**2**
Title of Contribution: _____
Title of Periodical: _____ Vol: _____ No: _____ Issue Date: _____
Date of Publication: _____
(Month)   (Day)   (Year)   Registration Number: _____

**3**
Title of Contribution: _____
Title of Periodical: _____ Vol: _____ No: _____ Issue Date: _____
Date of Publication: _____
(Month)   (Day)   (Year)   Registration Number: _____

**4**
Title of Contribution: _____
Title of Periodical: _____ Vol: _____ No: _____ Issue Date: _____
Date of Publication: _____
(Month)   (Day)   (Year)   Registration Number: _____

**6**

**DEPOSIT ACCOUNT:** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name    JOBETE MUSIC CO.

Account Number    DA 021342

**CORRESPONDENCE:** Give name and address to which correspondence about this application should be sent.

Name    A. PATEL/EMI MUSIC PUBLISHING

Address  810 SEVENTH AVENUE - 36TH FLOOR
(Apt)

NEW YORK            NEW YORK  10019
(City)              (State)   (Zip)

Area Code and Telephone Number ▶   212-830-5195

Be sure to give your daytime phone number

**7**

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the: (Check one)
☐ renewal claimant   ☒ duly authorized agent of   CLAIMANT OF SPACE ONE
(Name of renewal claimant) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼        ANISH PATEL          Date ▼   12/20/02

☞  Handwritten signature (X) ▼

**8**

**MAIL CERTIFICATE TO**

Name    EMI MUSIC PUBLISHING          ATTENTION

Number/Street/Apt ▼
810 SEVENTH AVENUE - 36TH FLOOR

City/State/Zip ▼
NEW YORK, NEW YORK 10019

**Certificate will be mailed in window envelope**

YOU MUST
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $45 filing fee in check or money order payable to Register of Copyrights
MAIL TO
Register of Copyrights
Library of Congress
Washington, D.C. 20559

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Exhibit C

AGREEMENT made this _____1st_____ day of ____January____, 19__75__, by and between __Bunny Jones__ of __One Lincoln Plaza, Apt. 17N, New York, New York  10023__ and __Christopher Spierer of 555 Kappock St., Bronx, New York  10463 (hereinafter individually and collectively referred to as "Writer") and BUNBUD MUSIC__

(hereinafter referred to as "Publisher"), whose address is __One Lincoln Plaza, Apt. 17N, New York, New York  10023__

1. In consideration of the royalties payable to Writer hereunder, Writer hereby assigns, transfers and delivers to Publisher the musical composition entitled     "I WAS BORN THIS WAY"

(hereinafter referred to as the "Musical Composition") including without limitation all rights of whatsoever nature in and to the title, words and music thereof and all copyrights therein, and the right to secure such rights in the name of Publisher for Publisher's own use and benefit, throughout the world, for the respective maximum terms of protection available throughout the world.

2. In further consideration of the royalties payable to Writer hereunder, Writer hereby authorizes and empowers Publisher to renew the copyright in the Musical Composition, pursuant to law, for him and in his name, and to execute in his name an assignment to Publisher of any renewal copyright obtained thereby for Publisher's own use and benefit. The power hereby granted to Publisher is acknowledged by Writer to be coupled with an interest on Publisher's part and irrevocable.

3. Writer warrants and represents that: he is a member of ASCAP; he is affiliated with BMI; that the music, lyrics and title of the Musical Composition were created by him alone and are wholly new and original; that all copyrights therein are valid and subsisting; and that neither the music nor the lyrics, nor the title of the Musical Composition nor any part thereof, infringe upon or violate or interfere with the rights of any person, firm or corporation. Writer further warrants and represents that he has not sold, assigned, leased, licensed or in any other way disposed of or encumbered any rights in the Musical Composition and that he has the right to make this agreement.

4. So long as Publisher's rights hereunder continue and Writer is not in breach of this agreement, Publisher agrees to pay the following royalties to Writer with respect to the Musical Composition:

(a) (i)    Five    Cents ( .05 ¢) per copy for each regular piano-forte copy sold by Publisher in the United States or Canada.

(ii)    Ten Percent (10%) of the wholesale selling price (after discounts if any) of each printed copy (other than regular piano-forte copies) sold by Publisher in the United States or Canada, except that in the event that the Musical Composition is used in whole or in part in a printed compilation of musical compositions, Writer shall be entitled to receive only that proportion of Ten Percent (10%) which the number "one" bears to the total number of musical compositions or parts thereof (including the Musical Composition) contained in such printed compilation.

(iii)    Publisher shall not be required to pay royalties on copies of the Musical Composition which are sold but for which Publisher does not receive payment or on copies which are returned or on professional or complimentary copies or on copies which are distributed at or below Publisher's cost.

(b)    Fifty Percent (50%) of all net sums actually received by Publisher by reason of the exercise in the United States or Canada of mechanical, electrical, transcription, reproduction, motion picture, television, printing (other than as provided above) or any other rights (except public performance rights) therein.

(c)    Fifty Percent (50%) of all net sums actually received by Publisher by reason of the exercise outside of the United States or Canada of mechanical, electrical, transcription, reproduction, motion picture, television, printing or any other rights (except public performance rights) therein.

5. It is expressly understood and agreed that Writer will receive his public performance royalties throughout the world directly from the performing rights society of which he is a member or with which he is affiliated. Writer acknowledges that he is not entitled to any share of the monies distributed to Publisher by any performing rights society.

6. In the event that "Writer" includes more than one person, all representations, warranties, grants and obligations made or undertaken by Writer shall be deemed jointly and severally made or undertaken, and the royalties payable hereunder shall be divided among such persons as follows:

| NAME | SHARE |
|---|---|
| Bunny Jones | 50% |
| Christopher Spierer | 50% |
|  |  |
|  |  |

7. Publisher agrees that within forty-five (45) days after the last days of June and December in each year, it will prepare and furnish statements to Writer of royalties due hereunder, and each such statement shall be accompanied by payment of all sums shown to be due by such statements. All statements rendered by Publisher to Writer will be binding upon Writer and not subject to objection by Writer for any reason unless specific objection in writing, stating the basis thereof, is received by Publisher within one (1) year from the date rendered, in which event such statements shall be binding in all respects except those specifically stated in such written objections.

8. Publisher shall have the right to use the Writer's name, likeness and biographical material concerning him, in connection with the Publisher's business in general and with the use, promotion and exploitation of the Musical Composition in particular.

9. The extent and manner of exploitation of the Musical Composition shall be entirely within the discretion of Publisher, it being further expressly understood that Publisher may charge such fees and rates for the exercise of the rights hereby granted to Publisher as Publisher, in its sole discretion, deems advisable.

10. (a)  Writer hereby indemnifies Publisher against any cost, expense, loss or damage (including attorney's fees) arising out of or connected with any claim in which it is asserted that any of the representations, warranties, or covenants made by Writer in this agreement have been breached or in which assertions are made which are inconsistent with any of such representations, warranties, or covenants.

(b)  The decision as to whether any claim should be made or any legal action should be brought against any alleged infringer of the Musical Composition shall be made solely by Publisher. Publisher agrees to pay to Writer a sum equal to Fifty Percent (50%) of any net recovery obtained by Publisher as a result of such claim or legal action, after deduction of Publisher's legal and other expenses in connection therewith.

(c)  If a claim is presented against Publisher in which it is asserted that the Musical Composition infringes upon or violates or interferes with the rights of any person, or business entity, Publisher shall notify Writer of such claim, and Writer, at his sole expense, may participate in the defense of such claim; but Publisher shall have the absolute right to control the defense and to settle or otherwise dispose of such claim in any manner which Publisher may determine.

(d)  During the pendency of any proceeding or claim referred to in subdivision (a) of this paragraph, Publisher may withhold royalties due to Writer up to the maximum amount claimed, plus provision for attorneys' fees and other costs and expenses, and may apply such withheld royalties in satisfaction of Writer's obligation to indemnify Publisher pursuant to subdivision (a) of this paragraph.

11. Publisher shall have the right to assign this agreement or to assign or license any rights in the Musical Composition to any person or business entity.

12. As a condition precedent to the assertion by Writer that Publisher is in default in performing any obligation contained herein, Writer shall advise Publisher thereof in detail and in writing, and Publisher shall be allowed a period of sixty (60) days after receipt of such written notice within which to cure such alleged default. Writer agrees that no breach of this agreement by Publisher shall be deemed incurable.

13. All notices and payments hereunder shall be sent to the parties at the addresses indicated at the beginning of this agreement, unless either party changes such mailing address by giving written notice thereof, to the other.

14. This agreement shall be construed in accordance with the law of the State of New York applicable to agreements executed and wholly to be performed therein, and shall be binding upon and inure to the benefit of the parties' respective heirs, executors, administrators, successors and assigns.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the date first indicated above.

RUNBUD MUSIC                                            (Publisher)

By: _Bunny Jones_____

_Bunny Jones_____      (Writer)
Bunny Jones

_Christopher Spierer_____   (Writer)
Christopher Spierer

OAS #12341

AGREEMENT made this __1st__ day of __January__, 19__75__ by and between __Bunny Jones__ of __One Lincoln Plaza, Apt. 17N, New York, New York 10023 and Christopher__ __Spierer of 555 Kappock St., Bronx, New York 10463 (hereinafter individual__ __and collectively referred to as "Writer") and BUNBUD MUSIC__

(hereinafter referred to as "Publisher"), whose address is __One Lincoln Plaza, Apt. 17N,__ __New York, New York 10023__

1. In consideration of the royalties payable to Writer hereunder, Writer hereby assigns, transfers and delivers to Publisher the musical composition entitled        __"LIBERATION"__

(hereinafter referred to as the "Musical Composition") including without limitation all rights of whatsoever nature in and to the title, words and music thereof and all copyrights therein, and the right to secure such rights in the name of Publisher for Publisher's own use and benefit, throughout the world, for the respective maximum terms of protection available throughout the world.

2. In further consideration of the royalties payable to Writer hereunder, Writer hereby authorizes and empowers Publisher to renew the copyright in the Musical Composition, pursuant to law, for him and in his name, and to execute in his name an assignment to Publisher of any renewal copyright obtained thereby for Publisher's own use and benefit. The power hereby granted to Publisher is acknowledged by Writer to be coupled with an interest on Publisher's part and irrevocable.

3. Writer warrants and represents that: he is a member of ASCAP; he is affiliated with BMI; that the music, lyrics and title of the Musical Composition were created by him alone and are wholly new and original; that all copyrights therein are valid and subsisting; and that neither the music nor the lyrics, nor the title of the Musical Composition nor any part thereof, infringe upon or violate or interfere with the rights of any person, firm or corporation. Writer further warrants and represents that he has not sold, assigned, leased, licensed or in any other way disposed of or encumbered any rights in the Musical Composition and that he has the right to make this agreement.

4. So long as Publisher's rights hereunder continue and Writer is not in breach of this agreement, Publisher agrees to pay the following royalties to Writer with respect to the Musical Composition:

(a) (i)   __Five__   Cents (.05 ¢) per copy for each regular piano-forte copy sold by Publisher in the United States or Canada.

(ii)   Ten Percent (10%) of the wholesale selling price (after discounts if any) of each printed copy (other than regular piano-forte copies) sold by Publisher in the United States or Canada, except that in the event that the Musical Composition is used in whole or in part in a printed compilation of musical compositions, Writer shall be entitled to receive only that proportion of Ten Percent (10%) which the number "one" bears to the total number of musical compositions or parts thereof (including the Musical Composition) contained in such printed compilation.

(iii)   Publisher shall not be required to pay royalties on copies of the Musical Composition which are sold but for which Publisher does not receive payment or on copies which are returned or on professional or complimentary copies or on copies which are distributed at or below Publisher's cost.

(b)   Fifty Percent (50%) of all net sums actually received by Publisher by reason of the exercise in the United States or Canada of mechanical, electrical, transcription, reproduction, motion picture, television, printing (other than as provided above) or any other rights (except public performance rights) therein.

(c)   Fifty Percent (50%) of all net sums actually received by Publisher by reason of the exercise outside of the United States and Canada of mechanical, electrical, transcription, reproduction, motion picture, television, printing or any other rights (except public performance rights) therein.

5. It is expressly understood and agreed that Writer will receive his public performance royalties throughout the world directly from the performing rights society of which he is a member and with which he is affiliated. Writer acknowledges that he is not entitled to any share of the monies distributed to Publisher by any performing rights society.

6. In the event that "Writer" includes more than one person, all representations, warranties, grants and obligations made or undertaken by Writer shall be deemed jointly and severally made or undertaken, and the royalties payable hereunder shall be divided among such persons as follows:

| NAME | SHARE |
|---|---|
| Bunny Jones | 50% |
| Christopher Spierer | 50% |
| | |

7.  Publisher agrees that within forty-five (45) days after the last days of June and December in each year, it will prepare and furnish statements to Writer of royalties due hereunder, and each such statement shall be accompanied by payment of all sums shown to be due by such statements. All statements rendered by Publisher to Writer will be binding upon Writer and not subject to objection by Writer for any reason unless specific objection in writing, stating the basis thereof, is received by Publisher within one (1) year from the date rendered, in which event such statements shall be binding in all respects except those specifically stated in such written objections.

8.  Publisher shall have the right to use the Writer's name, likeness and biographical material concerning him, in connection with the Publisher's business in general and with the use, promotion and exploitation of the Musical Composition in particular.

9.  The extent and manner of exploitation of the Musical Composition shall be entirely within the discretion of Publisher, it being further expressly understood that Publisher may charge such fees and rates for the exercise of the rights hereby granted to Publisher as Publisher, in its sole discretion, deems advisable.

10.  (a)  Writer hereby indemnifies Publisher against any cost, expense, loss or damage (including attorney's fees) arising out of or connected with any claim in which it is asserted that any of the representations, warranties, or covenants made by Writer in this agreement have been breached or in which assertions are made which are inconsistent with any of such representations, warranties, or covenants.

(b)  The decision as to whether any claim should be made or any legal action should be brought against any alleged infringer of the Musical Composition shall be made solely by Publisher. Publisher agrees to pay to Writer a sum equal to Fifty Percent (50%) of any net recovery obtained by Publisher as a result of such claim or legal action, after deduction of Publisher's legal and other expenses in connection therewith.

(c)  If a claim is presented against Publisher in which it is asserted that the Musical Composition infringes upon or violates or interferes with the rights of any person, or business entity, Publisher shall notify Writer of such claim, and Writer, at his sole expense, may participate in the defense of such claim; but Publisher shall have the absolute right to control the defense and to settle or otherwise dispose of such claim in any manner which Publisher may determine.

(d)  During the pendency of any proceeding or claim referred to in subdivision (a) of this paragraph, Publisher may withhold royalties due to Writer up to the maximum amount claimed, plus provision for attorneys' fees and other costs and expenses, and may apply such withheld royalties in satisfaction of Writer's obligation to indemnify Publisher pursuant to subdivision (a) of this paragraph.

11.  Publisher shall have the right to assign this agreement or to assign or license any rights in the Musical Composition to any person or business entity.

12.  As a condition precedent to the assertion by Writer that Publisher is in default in performing any obligation contained herein, Writer shall advise Publisher thereof in detail and in writing, and Publisher shall be allowed a period of sixty (60) days after receipt of such written notice within which to cure such alleged default. Writer agrees that no breach of this agreement by Publisher shall be deemed incurable.

13.  All notices and payments hereunder shall be sent to the parties at the addresses indicated at the beginning of this agreement, unless either party changes such mailing address by giving written notice thereof, to the other.

14.  This agreement shall be construed in accordance with the law of the State of New York applicable to agreements executed and wholly to be performed therein, and shall be binding upon and inure to the benefit of the parties' respective heirs, executors, administrators, successors and assigns.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the date first indicated above.

BUNBUD MUSIC                                            (Publisher)

By: *Bunny Jones*

*Bunny Jones*                                               (Writer)

Bunny Jones

*Christopher Spierer*                                          (Writer)

Christopher Spierer

OAS #12341